IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**CONSTELLIUM ROLLED PRODUCTS**
**RAVENSWOOD, LLC,**

        **Plaintiff,**

v.                                            Civil Action No.:  2:18-cv-01404

**UNITED STEEL, PAPER AND FORESTRY,**
**RUBBER, MANUFACTURING, ENERGY,**
**ALLIED INDUSTRIAL AND SERVICE**
**WORKERS INTERNATIONAL UNION,**
**AFL-CIO/CLC and UNITED STEEL,**
**PAPER AND FORESTRY, RUBBER,**
**MANUFACTURING, ENERGY, ALLIED**
**INDUSTRIAL AND SERVICE WORKERS**
**INTERNATIONAL UNION, AFL-CIO/CLC,**
**LOCAL 5668,**

        **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Constellium Rolled Products Ravenswood, LLC ("Constellium"), by and through counsel, and hereby files this Complaint for Declaratory Judgment, and states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Constellium is a Delaware LLC engaged in commerce and authorized to conduct business in West Virginia, with its principal place of business located in Ravenswood, West Virginia.

2. Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("International Union"), which was named the United Steelworkers of America, AFL-CIO/CLC before a name

8231288                                                       1

change in 2005, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, Local 5668 ("Local Union"; both the International Union and the Local Union are hereafter collectively referred to as the "Union"), are an international labor organization and its union local that are privies and that, together, represent certain hourly maintenance and production employees at Constellium's Ravenswood, West Virginia plant.

3. Constellium and the Union have negotiated collective bargaining agreements ("CBAs") for Constellium's hourly employees at Ravenswood who are represented by the Union.

4. In this civil action seeking declaratory relief, Constellium seeks declarations from the Court regarding Constellium's right to make unilateral changes to health benefits available to retirees (former hourly employees who were represented by the Union while they were active employees) who retired from Constellium's Ravenswood plant prior to the effective date of the current labor agreement entered into between Constellium and the Union in 2017. Constellium seeks a declaration that such benefits are not vested and thus are subject to unilateral change by Constellium.

5. This Court previously decided the same issue raised in this civil action in Constellium's favor after the Union and certain retirees brought a claim in this Court, in a decision that was affirmed on appeal by the U.S. Court of Appeals for the Fourth Circuit, in *Barton v. Constellium Rolled Prod.-Ravenswood, LLC*, Civ. A. No. 2:13-cv-03127, Dkt. No. 104 (S.D.W. Va. Jan. 4, 2016), *aff'd*, 856 F.3d 348, 349 (4th Cir. 2017).

6. The Local Union, however, recently filed a grievance and demanded arbitration of that grievance,[1] claiming that Constellium's planned changes to such retiree benefits, set to become effective on January 1, 2019, constitute a violation of the current CBA.

7. The Labor Management Relations Act, 1947, provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

8. The Labor Management Relations Act, 1947 further provides that a district court has jurisdiction of a labor organization "(1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." 29 U.S.C. § 185(c).

9. The Union's duly authorized officers or agents are engaged in representing or acting for hourly Constellium employees in Ravenswood, Jackson County, West Virginia, which is within the geographic jurisdiction of this Court.

10. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. Therefore, venue and jurisdiction are appropriate in this Court.

**Factual Allegations and Entitlement to Relief**

12. Constellium re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 11 of this Complaint.

---

[1] Pursuant to the procedure for arbitration set forth in the Parties' labor agreement, only the International may move a case to arbitration, not the Local Union. This will be addressed later and is a ground to stay arbitration because this grievance is not arbitrable for that reason.

13. On December 17, 2012, Constellium sent a letter to its employees, in which it shared changes to the health benefits it provided to retirees who had been hourly employees.

14. On February 20, 2013, the International Union and several retirees, who previously had been hourly employees working for Constellium, filed a class action lawsuit against Constellium and Constellium Rolled Products-Ravenswood, LLC Employees Group Benefits Plan ("Plan") in this Court. That civil action was *Barton v. Constellium*, Civ. A. No. 2:13-03127 (S.D.W. Va. 2013) (the "2013 Lawsuit"). They brought suit under the Labor Management Relations Act, 1947 (29 U.S.C. § 185) and the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132(a)(1)(B) and (a)(3)).

15. In the 2013 Lawsuit, the plaintiffs alleged that health benefits for retirees, who were formerly Constellium hourly employees, had vested and that, as such, Constellium could not unilaterally change those benefits as set forth in the December 17, 2012 letter.

16. On January 4, 2016, the United States District Court for the Southern District of West Virginia granted summary judgment in favor of Constellium and the Plan due to its finding that retiree health benefits had not vested.

17. On May 11, 2017, the U.S. Court of Appeals for the Fourth Circuit affirmed the U.S. District Court's grant of summary judgment to Constellium and the Plan "[b]ecause the governing collective bargaining agreement does not provide for vested retiree health benefits." *Barton v. Constellium Rolled Prod.-Ravenswood, LLC*, 856 F.3d 348, 349 (4th Cir. 2017).

18. In 2017, due to the expiration of the 2012 CBA, Constellium and the Union negotiated and entered into a new collective bargaining agreement (the "2017 CBA"). In the 2017 CBA, the parties set forth their agreement regarding health insurance for then-current

employees who retire during the term of the 2017 CBA, from the time when they retire until they become eligible for Medicare.

19. The 2017 CBA between Constellium and the Union does not provide that any health benefits for retirees who retired prior to the effective date of the agreement are vested.

20. Just over one year after the Fourth Circuit's decision in *Barton*, and in line with that decision, Constellium again decided to make changes to the health benefits it provides to its Medicare-eligible retirees – benefits that are not vested – effective January 1, 2019.

21. To that end, on August 24, 2018, Constellium wrote a letter to its retirees explaining the changes to be made to the health benefits available to its Medicare-eligible retirees.

22. The Local Union, rather than acknowledging Constellium's right to make the change, filed a second-step grievance on September 6, 2018 over Constellium's changes to the health benefits available to Medicare-eligible retirees. In the grievance, the Local Union seeks to have Constellium cease and desist from its unilateral change in the health benefits available to Medicare-eligible retirees.

23. After Constellium denied the grievance in its "Third Step Response" dated October 2, 2018, the Local Union, on October 4, 2018, demanded arbitration of the grievance.

24. The International Union has neither served a written notice of appeal in order to advance the grievance to step three, nor has it sought to advance the grievance to arbitration, with regard to the grievance described in Paragraph 22 above.

25. The grievance procedure agreed to by Constellium and the Union provides that, if a grievance is not resolved in steps one through three of the grievance procedure, it proceeds to arbitration in step four. Pursuant to the current 2017 CBA between Constellium and the Union,

in order for a grievance to progress past step two, "a representative of the International Union" must serve a written notice of appeal to step three "prior to the expiration of thirty (30) calendar days following the receipt of the Company's written disposition of the grievance in Step 2 hereof." Furthermore, pursuant to the 2017 CBA, in order to advance a grievance to arbitration in step four, the International Union, not the Local Union, must appeal within thirty days following the receipt of Constellium's written disposition of the grievance in step three.

26. More than thirty days have passed since Constellium's October 2, 2018 written disposition of the pertinent grievance in step three.

**Count I – Declaratory Judgment**
**(Medicare-Eligible Retired Hourly Employees' Health Benefits Are Not Vested)**

27. Constellium re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 26 of this Complaint.

28. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979) (quoting *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49, 18 S.Ct. 18, 27, 42 L. Ed. 355 (1897)).

29. The Federal Declaratory Judgments Act provides that, with limited exceptions, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

30. Constellium is entitled to a declaration that health benefits are not vested with regard to retired hourly employees who retired prior to the effective date of the 2017 CBA, as this Court decided in *Barton v. Constellium*, a decision that the U.S. Court of Appeals for the Fourth Circuit affirmed on appeal, and which involved the same right, question, and/or fact at stake in this civil action. Constellium and the Union have not negotiated an agreement that vests such benefits since *Barton* was brought and decided in Constellium's favor.

31. Constellium is further entitled to a declaration that the Local Union is estopped from pursuing its September 2018 grievance and from bringing future grievances regarding the issue of Constellium's changes to health benefits available to Constellium retirees who were formerly hourly employees and who retired prior to the effective date of the 2017 CBA.

32. Finally, Constellium is entitled to a declaration that the International Union is estopped from pursuing arbitration of the Local Union's September 2018 grievance, as well as any other grievance, arbitration, or litigation, regarding the issue of Constellium's changes to health benefits available to Constellium retirees who were formerly hourly employees and who retired prior to the effective date of the 2017 CBA.

**Count II – Declaratory Judgment**
**(The Local Union May Not Demand Arbitration and**
**The International Union Is Time-Barred from Advancing the Grievance to Arbitration)**

33. Constellium re-alleges and incorporates by reference all of the allegations of paragraphs 1 through 32 of this Complaint.

34. Because the 2017 CBA does not permit the Local Union to appeal a grievance past step two of the grievance procedure, the Local Union may not demand arbitration of a grievance, which occurs in step four of the grievance procedure. Rather, the CBA explicitly permits only the International Union to advance a grievance to steps three and four (arbitration).

35. Therefore, Constellium is entitled to a declaration that the Local Union may not demand arbitration of the grievance at issue in this civil action pursuant to the clear and unambiguous terms of the 2017 CBA.

36. Constellium is further entitled to a declaration that the International Union is time-barred from demanding arbitration of the grievance at issue in this civil action, pursuant to the clear and unambiguous terms of the 2017 CBA.

## Relief Requested

WHEREFORE, Plaintiff Constellium respectfully requests that this Court enter an order granting the following relief:

(a) Granting the declaratory relief requested in Counts I and II;

(b) Staying the Union's September 2018 grievance and resultant arbitration regarding changes to health benefits Constellium makes available to its Medicare-eligible hourly retirees; and

(c) Such other relief as this Court may deem just and appropriate.

Respectfully submitted this 2nd day of November, 2018,

/s/ Kaitlin L.H. Robidoux
Christopher L. Slaughter (WV Bar # 6958)
Steptoe & Johnson PLLC
P.O. Box 2195
Huntington, WV 25722-2195
(304) 522-8290

Kaitlin L.H. Robidoux (WV Bar # 12342)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Plaintiff Constellium Rolled Products Ravenswood, LLC*