IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CONSTELLIUM ROLLED PRODUCTS
RAVENSWOOD, LLC,

        Plaintiff,

v.                                              Civil Action No.: 2:18-cv-01404

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC, et al.,

        Defendants.

### CONSTELLIUM'S MEMORANDUM OF LAW SUPPORTING ITS MOTION TO ALTER OR AMEND THE JUDGMENT GRANTING AN INJUNCTION

#### I.  INTRODUCTION

Constellium Rolled Products Ravenswood, LLC ("Constellium"), by counsel, respectfully moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment in order to stay or modify the preliminary injunction it granted to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("Union"). Constellium respectfully submits that, pursuant to the All Writs Act (28 U.S.C. § 1651) and related federal case law, including from the Fourth Circuit, it was a clear error of law for the Court to grant the Union's motion for a preliminary injunction without fully considering Constellium's Motion to Stay Arbitration and for Declaratory Judgment (Dkt. No. 5), which argued that the only claims and issues the Union seeks to arbitrate were previously decided in Constellium's favor by this Court.  This should have required the Court, at a minimum, to examine the claims decided in *Barton* and the claim

presented in this action to determine whether *Barton* decided the issue. The doctrines of *res judicata* and collateral estoppel are controlling, and it is proper for the Court to enter declaratory judgment in Constellium's favor and to stay the arbitration that the Union has requested. Alternatively, the judgment should be altered in order to increase the bond the Union must pay to $2,781,710 due to the significant costs to Constellium resulting from the injunction.

## II.   ARGUMENT

### A.   A Motion to Alter or Amend a Judgment Should Be Granted to Correct an Error of Law or to Account for New Evidence.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 59(e) does not provide a standard for when such a motion should be granted. However, "courts interpreting *Rule* 59(e) have recognized three grounds for amending an earlier judgment: 1) to accommodate an intervening change in controlling law, 2) to account for new evidence not available at trial, or 3) to correct a clear error of law or prevent manifest injustice." *Woodrum v. Thomas Mem'l Hosp. Found., Inc.*, 186 F.R.D. 350, 351 (S.D.W. Va. 1999) (memorandum opinion and order; citation omitted). Arguments that could have been raised before judgment was entered are not proper grounds for granting a motion under Rule 59(e). *Id.* (citations omitted).

Here, as explained in detail in the following sections, it is proper for the court to alter its judgment to correct a clear error of law. Alternatively, it is proper for the Court to amend its judgment in order to require the Union to post a much greater bond based on evidence previously submitted by Constellium.

### B.   The Judgment Should Be Altered to Be Consistent with the All Writs Act and Thus Correct a Clear Error of Law.

Constellium respectfully submits that it was a clear error of law for the Court to have granted the Union's motion for a preliminary injunction without first fully considering and ruling

on Constellium's Motion to Stay Arbitration and for Declaratory Judgment (Dkt. No. 5), in order to determine whether the Union's claim is barred by the doctrines of *res judicata* and/or collateral estoppel. The Court did not examine the issue of res judicata and/or collateral estoppel on the incorrect belief that doing so would have meant examining the merits of the Union's grievance. This is not so. Deciding whether the issue was addressed in *Barton* is a distinct endeavor from deciding whether the change is permitted under the 2017 labor agreement between Constellium and the Union.

The All Writs Act gives federal courts jurisdiction and authority to enforce their earlier judgments and prevent collateral attacks on those judgments. 28 U.S.C. § 1651; *Drag v. Southtrust Bank*, No. 3:04CV319-H, 2005 WL 1883241, at *6 (W.D.N.C. Aug. 4, 2005) (not reported). Thus, if a claim or issue is barred by the doctrine of *res judicata* or collateral estoppel due to a prior federal judgment, the court is empowered to stay arbitration that would simply serve to re-litigate the claim. Thus, here, it is proper for the Court to prevent a collateral attack on its and the Fourth Circuit's decisions in *Barton* by disallowing the Union to arbitrate the same claim and issue litigated at length in that civil action. *See Barton v. Constellium*, Civ. A. No. 2:13-03127 (S.D.W. Va. Mar. 3, 2014), *aff'd*, 856 F.3d 348 (4th Cir. 2017).

As the Western District of North Carolina wrote in 2005:

> Although there is no Fourth Circuit authority directly on point, courts that have considered the issue have held that the All Writs Act empowers the court to enjoin parties from seeking to re-litigate in arbitration matters that have already been adjudicated by a federal court. *See Y & A Group Sec. Litig.,* 38 F.3d 380, 382 (8th Cir. 1994) ("[n]o matter what, courts have the power to defend their judgments as *res judicata,* including the power to enjoin or stay subsequent arbitrations"); *Kelly v. Merrill Lynch, Pierce, Fenner & Smith,* 985 F.2d 1067, 1069 (11th Cir.1993) ("[t]he All-Writs Act ... gives federal courts broad injunctive powers to protect their own judgments ... including the authority to enjoin arbitration to prevent re-litigation"); *Miller Brewing Co. v. Ft. Worth*

> *Distributing Co.,* 781 F.2d 494, 499 (5th Cir.1986) ("parties should be barred from seeking relief from arbitration panels when, under the doctrine of *res judicata,* they would be barred from seeking relief in the courts"); *and Central Transp., Inc. v. Central States, Southeast and Southwest Areas Pension Fund,* 639 F. Supp. 788 (E.D.Tenn.1986), *aff'd,* 816 F.2d 678 (6th Cir.1987).

*Drag*, 2005 WL 1883241, at *6.

Furthermore, the Supreme Court of the United States stated that it:

> has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained: "This statute has served since its inclusion, in substance, in the original Judiciary Act as a 'legislatively approved source of procedural instruments designed to achieve "the rational ends of law." ' " *Harris v. Nelson,* 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969), quoting *Price v. Johnston,* 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948).

*United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 372, 54 L. Ed. 2d 376 (1977). Likewise, the Fourth Circuit has held that "[t]he All Writs Act empowers a federal court to enjoin parties before it from attempting to relitigate decided issues and to prevent collateral attack of its judgments." *Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 500 (4th Cir. 1993) (citations omitted). Indeed, as the Third Circuit stated, "the federal courts must intervene in the arbitration process when faced with res judicata objections stemming from a prior federal judgment." *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 139 (3d Cir. 1998) (citations omitted).

Moreover, as the Third Circuit pointed out:

> many federal courts have held as a matter of law that claims of res judicata based on a prior federal judgment must be decided by the district court before compelling or enjoining arbitration. *See, e.g., In re Y & A Group Sec. Litig.,* 38 F.3d 380, 382 (8th Cir.1994); *Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 985 F.2d 1067, 1069 (11th Cir.1993); *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 499 (5th Cir.1986); *see also Miller v.*

> *Runyon,* 77 F.3d 189, 194 (7th Cir.1996) (collecting other cases). These courts typically reason that federal courts must protect the finality and integrity of prior judgments. *See Kelly,* 985 F.2d at 1069; *In re Y & A,* 38 F.3d at 382. As succinctly stated by the Eleventh Circuit Court of Appeals, federal "[c]ourts should not have to stand by while parties re-assert claims that have already been resolved." *Kelly,* 985 F.2d at 1069. Because the [Federal Arbitration Act] contemplates that an arbitration award may be enforced by judgment, *see* 9 U.S.C. § 9, these courts would allow a district court to enjoin arbitration if the claim would be precluded under ordinary rules of res judicata. *Miller Brewing Co.,* 781 F.2d at 499.

*Id.*, 151 F.3d at 137–38 (noting disagreement in the Second Circuit). Thus, the Third Circuit concluded "that a decent respect for a precedent of this court dictates that we resolve the issue in favor of district court jurisdiction to decide the res judicata defense as it relates to a prior judgment." *Id.*, 151 F.3d at 138. In addition to noting that courts need not stand by while parties re-assert already-resolved claims, the Eighth Circuit stated that, "[n]o matter what, courts have the power to defend their judgments as *res judicata,* including the power to enjoin or stay subsequent arbitrations." *In re Y & A Grp. Sec. Litig.*, 38 F.3d 380, 382 (8th Cir. 1994) (citations omitted).

As Constellium set forth in detail in its Memorandum of Law in Support of its Motion to Stay Arbitration and for Declaratory Judgment, the Union's claim against Constellium regarding the right to make changes to certain retiree health benefits has already been decided by this Court in a decision affirmed on appeal by the Fourth Circuit. (Dkt. No. 5, at 13-19); *Barton v. Constellium*, Civ. A. No. 2:13-03127 (S.D.W. Va. Mar. 3, 2014), *aff'd*, 856 F.3d 348 (4th Cir. 2017). Therefore, the claim and issue that the Union seeks to arbitrate are barred by the doctrines of *res judicata* and collateral estoppel. (*See id.*) Pursuant to the All Writs Act and related federal case law, in order to protect this Court and the Fourth Circuit's prior decisions in *Barton* on the basis of *res judicata*, the Court should grant declaratory judgment in Constellium's favor. At the

very least, the Court should have decided whether *res judicata* and/or collateral estoppel apply *before* deciding whether to grant a preliminary injunction to the Union and permitting it to arbitrate its claim.

In determining whether *res judicata* applies, the Court will not be impermissibly deciding the merits of a matter that should properly be submitted to arbitration. In its Memorandum Opinion and Order, the Court looked to *Lever Brothers* for the proposition that courts should avoid examining the merits when determining whether a genuine dispute exists regarding an arbitrable issue. (Dkt. No. 16, at 11.) The *Lever Brothers* opinion also indicates, however, that a court's purpose, when refraining from examining the merits, is an effort to respect the arbitral process and arbitral jurisdiction. *Lever Bros. Co. v. Int'l Chem. Workers Union, Local 217*, 554 F.2d 115, 123 (4th Cir. 1976). Constellium respectfully submits that it is just as important for federal courts to protect and enforce their own jurisdiction, their own decisions, and the civil litigation process. There is no reason the parties to the present case must go through the futile process of arbitration before the Court can (if needed, in an appeal from the arbitration award) enforce its decision in *Barton*. The All Writs Act empowers the Court to come to this rational conclusion and thereby protect its *Barton* decision on the basis of *res judicata*. *See New York Tel. Co.*, 434 U.S. at 172, 98 S. Ct. at 372 (All Writs Act is designed to achieve the rational ends of law).

Indeed, as the parties pointed out in their briefing regarding the Union's requested preliminary injunction, the Fourth Circuit has held that either a union or an employer plaintiff who seeks "'to maintain the status quo pending arbitration pursuant to the principles of *Boys Markets* (*Inc., v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970)) need only establish that the position he will espouse in arbitration is sufficiently sound to prevent the

arbitration from being a futile endeavor.'" *Lever Bros. Co. v. Int'l Chem. Workers Union, Local 217*, 554 F.2d 115, 120 (4th Cir. 1976) (citation omitted). Because any arbitrator would be bound by the decisions in *Barton* based on the doctrine of *res judicata*, if the arbitrator's decision did not comply with the *Barton* decisions, it would be vacated on appeal. Thus, arbitration of the Union's claim is a futile and yet highly time- and resource-consuming endeavor. *See Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agr. Implement Workers, UAW*, 97 F.3d 155, 159 (6th Cir. 1996) ("other circuits confronting the problem have held uniformly that arbitrators are bound by prior federal court decisions under the doctrines of collateral estoppel and/or res judicata . . . . We agree with the reasoning of these cases."; citing *John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO*, 913 F.2d 544, 562–63 (8th Cir. 1990) (vacating arbitration award involving an interpretation of a no-strike clause in the parties' agreement contrary to a previous jury determination of the same issue in litigation between the same parties on the ground that consideration of the issue was barred by collateral estoppel principles); *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 499 (5th Cir. 1986) (reasoning that parties should be barred from seeking relief from an arbitration panel if res judicata principles would bar relief in federal court because an arbitration award involves the entry of judgment by a court); *Telephone Workers Union of New Jersey, Local 827, International Brotherhood of Electrical Workers v. New Jersey Bell Tel. Co.*, 584 F.2d 31, 33 (3d Cir. 1978) (refusing to confirm an arbitration award on res judicata and collateral estoppel grounds where arbitrator's determination on the arbitrability of an issue was contrary to a previous judicial decision on the same issue)).

  In the instant matter, applying the doctrine of *res judicata* will render any arbitration a futile endeavor with regard to the Union's claim over retiree health benefits. Therefore, the All

Writs Act, related federal case law, and Fourth Circuit precedent dictate that the Court should determine whether *res judicata* applies to the Union's claim in order to protect against a collateral attack on the *Barton* decisions in an arbitral forum. If the Court agrees with Constellium that *res judicata* bars the Union's claim, then Constellium requests that the Court amend its Memorandum Opinion and Order (Dkt. No. 16) to deny the Union's motion for a preliminary injunction.

## C. Alternatively, Based Upon New Evidence Regarding the Proper Amount of the Bond the Union Must Post, the Judgment Should Be Amended to Require the Union to Post a Higher Bond.

The Parties were given a very short briefing window prior to the hearing on the motion for a preliminary injunction, and it took time to develop the evidence of harm Constellium would suffer by the improvident granting of an injunction. Accordingly, when the Court granted the Union's motion for a preliminary injunction, it required the Union to post only a $10,000 bond, but it invited the parties to more fully develop the record regarding the appropriate amount of the bond. (Dkt. No. 16, at 19.) On December 7, 2018, pursuant to the Court's invitation, Constellium submitted its Supplemental Statement of Harm It Will Suffer from an Improvidently Granted Injunction ("Statement"), in which it requested that the Court increase the amount of the bond to $2,781,710. (Dkt. No. 18.) As an exhibit to its Statement, Constellium submitted an Affidavit of Scott Kermode, which set forth Constellium's large costs as a result of the injunction.

Constellium estimates that the preliminary injunction pending arbitration will delay Constellium's planned changes to retiree health benefits by at least six months, and based upon a letter from Aon (the company working with Constellium and its retirees to get the retirees signed up for new health care benefits), Constellium submitted proof that it will incur the following costs, which total $2,781,710:

- $560,000 – Aon's cost of unwinding and re-starting the new healthcare program, broken down as follows:
    - $200,000 for implementation and project termination work;
    - $250,000 for customer service agents and license agent servicing;
    - $110,000 as a communication fee;
- $15,000 – PricewaterhouseCooper's fee to conduct an audit of the amended retiree healthcare liability;
- $2,206,710 – Constellium's cost of maintaining the retirees' current health coverage for six months, broken down as follows:
    - $884,800 for the difference between the current yearly cap and the HRA contribution;
    - $839,160 for Constellium's continued reimbursement of the Medicare Part B premium;
    - $150,000 to maintain American Benefit Corp. premium billing and call center services;
    - $32,750 for Ceridian Dayforce Benefits Admin Module, which is required to administer benefits; and
    - $300,00 for increased Rx CVS Caremark prescription costs.

(Dkt. No. 18-1, at 2-3, 5, 7.) The current bond amount will not cover even PricewaterhouseCooper's $15,000 fee to conduct an audit of the amended retiree healthcare liability; it will cover none of Aon's fees; and it will cover none of Constellium's costs to maintain current health care coverage.

Constellium submits that a bond of $10,000 is wholly inadequate. Rather, a much larger bond in the amount of $2,781,710 is required to ensure that Constellium will be reimbursed if it should be determined that the preliminary injunction should not have been issued. Therefore, if the Court does not alter or amend its Memorandum Opinion and Order as Constellium requests

above to correct a clear error of law, it should alternatively order the Union to post a bond in the amount of $2,781,710.

### III. CONCLUSION

For all of the foregoing reasons, Constellium respectfully requests that the Court alter or amend its Memorandum Opinion and Order (Dkt. No. 16) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to correct a clear error of law. Specifically, Constellium requests that the Court alter its order to deny the Union's motion for a preliminary injunction until such time as the Court can fully consider Constellium's Motion to Stay Arbitration and for Declaratory Judgment (Dkt. No. 5) and determine whether the Union's claim is barred by the doctrines of *res judicata* and/or collateral estoppel. Alternatively, Constellium requests that the Court alter or amend its Memorandum Opinion and Order to provide that the Union must post a bond in the amount of $2,781,710 to cover Constellium's costs incurred as a result of the injunction, in the event that it is determined that the preliminary injunction was wrongly issued.

Respectfully submitted this 31st day of December, 2018.

/s/ *Kaitlin L.H. Robidoux*
Christopher L. Slaughter (WV Bar # 6958)
Steptoe & Johnson PLLC
P.O. Box 2195
Huntington, WV 25722-2195
(304) 522-8290

Kaitlin L.H. Robidoux (WV Bar # 12342)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Plaintiff Constellium
Rolled Products Ravenswood, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

**CONSTELLIUM ROLLED PRODUCTS
RAVENSWOOD, LLC,**

      **Plaintiff,**

v.                                    Civil Action No.: 2:18-cv-01404

**UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC, and UNITED STEEL,
PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED
INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO/CLC,
LOCAL 5668**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 31st day of December, 2018, I electronically filed the foregoing "*Constellium's Memorandum of Law Supporting Its Motion to Alter or Amend the Judgment Granting an Injunction*" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants:

        Maneesh Sharma
        United Steelworkers
        60 Blvd of the Allies, Room 807
        Pittsburgh, PA 15222
        412-562-2531
        412-562-2429 (fax)
        msharma@usw.org

        Thomas P. Maroney
        Maroney, Williams, Weaver & Pancake PLLC
        608 Virginia Street, East
        Charleston, WV 25301
        304-346-9629
        304-346-3325 (fax)
        patrickmaroney@aol.com

/s/ *Kaitlin L.H. Robidoux*
Christopher L. Slaughter (WV Bar # 6958)
Steptoe & Johnson PLLC
P.O. Box 2195
Huntington, WV 25722-2195
(304) 522-8290

Kaitlin L.H. Robidoux (WV Bar # 12342)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Plaintiff Constellium Rolled Products Ravenswood, LLC*