IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CONSTELLIUM ROLLED PRODUCTS
RAVENSWOOD, LLC,

                Plaintiff,

v.                                              CIVIL ACTION NO. 2:18-cv-01404

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY, ALLIED
INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO/CLC, et al.,

                Defendant.

**MEMORANDUM OPINON AND ORDER**

Pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment Granting an Injunction.[1] (ECF No. 23.) For the reasons discussed herein, the Court **DENIES** the motion. (ECF No. 23.)

## I.    BACKGROUND

This case arises out of Plaintiff Constellium Rolled Products Ravenswood, LLC's ("Constellium") unilateral decision to alter the benefits available to its Medicare-eligible retirees. (*See* ECF No. 12 at 4–5, ¶¶ 13–14.) The factual and procedural background of this action is fully detailed in the Court's Memorandum Opinion and Order granting the preliminary injunction, (ECF

---

[1] Also pending before the Court is Plaintiff's Supplemental Statement requesting that the Court raise the bond to $2,782,710. (ECF No. 18.) For the reasons discussed in Section III.B of this Memorandum Opinion and Order, the Court **DENIES** Plaintiff's request. (ECF No. 18.)

No. 16), and thus, need not be repeated at length. Most relevant here, on August 24, 2018, Constellium sent a letter to its Medicare-eligible retirees stating that, starting January 1, 2019, Constellium was terminating the employer provided group medical and drug coverage for Medicare-eligible retirees and, instead, these retirees could purchase supplemental Medicare insurance from Aon Retiree Health Exchange ("Aon"). (*See* ECF No. 12-5 at 1.) On November 26, 2018, Defendant United Steel Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC's (the "Union") filed a motion for a preliminary injunction, requesting that the Court stop Constellium from implementing the above healthcare changes prior to arbitration. (ECF No. 12.)

On December 4, 2018, the Court entered a Memorandum Opinion and Order granting the Union's motion for a preliminary injunction and ordering Constellium not to terminate its provision of healthcare benefits to its Medicare-eligible retirees pending arbitration. (ECF No. 16.) The Court also ordered the Union to post a $10,000 injunction bond but gave the parties the opportunity to develop the record on the appropriate bond amount by submitting additional materials to the Court on or before December 10, 2018. (*See id.* at 19.)

On December 31, 2018, Constellium filed the present motion to alter or amend the Court's order granting the preliminary injunction. (ECF No. 23.) The Union timely responded to the motion, (ECF No. 25), and Constellium timely replied, (ECF No. 26). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of that judgment. "Rule 59(e) does not itself provide

a standard under which a district court may grant a motion to alter or amend a judgment"; however, the Fourth Circuit has "previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

### III. DISCUSSION

Constellium argues that it was a clear error of law for the Court to grant the Union's motion for a preliminary injunction and leave it to the arbitrator to decide whether the Union's claims were barred by the doctrine of res judicata and/or collateral estoppel. (*See* ECF No. 24 at 1–2.) Specifically, Constellium argues that the All Writs Act allows courts to decide whether a claim is barred by res judicata and/or collateral estoppel and to stay arbitration. (*See id.* at 3.) Constellium further argues that the doctrine of res judicata makes the position that the Union will espouse in arbitration futile, and, thus, a *Boys Markets* preliminary injunction is not warranted. (*See id.* at 7.) Constellium lastly moves, in the alternative, for the Court to increase the injunction bond. (*See id.* at 8–10.) The Court will address each of Constellium's requests in turn, beginning with Constellium's request for the Court to amend its judgment granting the preliminary injunction.

3

A. *Motion to Alter or Amend Judgment*

In support of its argument that the Court committed a clear error of law in finding that the arbitrator must decide whether the Union's claims were barred by res judicata, Constellium directs the Court to decisions in other jurisdictions in which a court found that the All Writs Act allowed it to intervene in arbitration "when faced with res judicata objections stemming from a prior federal judgment." (*See* ECF No. 24 at 4 (quoting *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 139 (3d Cir. 1998)); *see also id.* at 3 (citing *Drag v. Southtrust Bank*, No. 3:04-cv-319, 2005 WL 1883241, at *6 (W.D.N.C. Aug. 4, 2005)).)

The Court considered and rejected Constellium's argument that the Court, rather than the arbitrator must decide whether the Union's claim was barred by res judicata. In holding that it was up to the arbitrator to decide, in the first instance, whether the Union's claim was barred by res judicata and/or collateral estoppel, the Court stated the following:

> [T]he Fourth Circuit has held that "[w]hen evaluating arbitrability, we must not accept a party's invitations to critically appraise the merits of the underlying dispute." *See Peabody Holding Co., LLC v. UMWA*, 665 F.3d 96, 104 (4th Cir. 2012); *see also Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 873–74 (4th Cir. 2016) ("Procedural questions arise once the obligation to arbitrate a matter is established, and may include such issues as the application of statutes of limitations, notice requirements, laches, and estoppel. . . . The Court has explained that these are questions for the arbitrator. . . .").

> . . .

> Further, the Supreme Court has stated, "[o]nce it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *see also Del Webb Cmtys. v. Carlson*, 817 F.3d 867, 873–74 (4th Cir. 2016).

(ECF No. 16 at 9 n.3, 11.) Further, in addressing Constellium's argument that estoppel made the Union's position in arbitration futile and, thus, the Union could not meet the likelihood of success prong of the preliminary injunction test, the Court held that, "the merits of the grievance are for the arbitrator to decide." (*Id.* at 12 (citing *See Int'l Brotherhood of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 234 (4th Cir. 2018); *Teamsters Local Union No. 71 v. Akers Motor Lines, Inc.*, 582 F.2d 1335, 1342 (4th Cir. 1978) (finding that the district court "misconstrued" the likelihood of success requirement to necessitate a showing that the union would prevail on the merits of its dispute)).)

Constellium has not directed the Court to any binding precedent that demonstrates that the Court committed a clear error of law in leaving it to the arbitrator to determine whether the Union's claims were barred by res judicata and/or collateral estoppel. First, Constellium's argument that the Court should have considered its res judicata and/or collateral estoppel argument in light of the All Writs Act was not raised in Constellium's briefing on the preliminary injunction motion, nor did it present this argument during the preliminary injunction hearing. As such, this new argument cannot be a basis for a Rule 59(e) motion. *See Pacific Ins. Co.*, 148 F.3d at 403.

Moreover, Constellium's reliance on case law from outside circuits vacating arbitration awards due to the preclusive effect of previous rulings does not bear on the issue of whether it is for the Court or the arbitrator to decide, in the first instance, whether an issue is barred by res judicata and/or claim preclusion. (*See* ECF No. 24 at 7 (citing cases from the Eighth and Fifth Circuit that vacating or refusing to confirm arbitration awards on res judicata and/or collateral estoppel grounds).)

5

Lastly, the Court does not find persuasive Constellium's argument that the Fourth Circuit's description of the Supreme Court's holding in *Howsam* as providing "'a limited exception to the to the overarching policy favoring the arbitral decisionmaker' where a question exists 'regarding whether the parties should be arbitrating at all'" and the Fourth Circuit's requirement that a party seeking a preliminary injunction pending arbitration establish that its position in arbitration is sufficiently sound necessarily means that the Court must decide in determining arbitrability whether a claim estopped. (*See* ECF No. 26 at 6 (quoting *Dockser v. Schwartzberg*, 433 F.3d 421, 426 (4th Cir. 2006); *Lever Bros. Co. v. Int'l Chem. Workers Union, Local 217*, 554 F.2d 115, 120 (4th Cir. 1976)).) Although the Fourth Circuit has not spoken directly on this issue, Constellium's reasoning is inconsistent with Fourth Circuit precedent which states that questions of arbitrability, which are for the Court to decide, involve determinations on the existence of a binding arbitration agreement and the scope of that agreement and that other procedural questions, such as whether doctrines of estoppel apply, are for the arbitrator to decide. *See Del Webb Cmtys., Inc.*, 817 F.3d at 873–74; *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 78 (2010). Further, the Fourth Circuit has stated that the "sufficiently sound" requirement is met "[i]f there is a genuine dispute with respect to an arbitrable issue" and, in determining this, the Court should avoid examining the merits. *Lever Bros. Co.*, 554 F.2d at 120, 123; *see also Int'l Brotherhood of Teamsters, Local Union No. 639*, 885 F.3d at 234 ("As to likelihood of success on the merits, the [district] court explained, because the merits of the contract dispute are reserved to the arbitrator, the relevant inquiry is limited to whether the parties' dispute is subject to arbitration . . . .").

In sum, the Court explicitly relied on Fourth Circuit and Supreme Court precedent in reaching its ruling granting the preliminary injunction. Constellium has not directed the Court to

any Fourth Circuit or Supreme Court precedent that directly contradicts the Court's ruling and shows that the Court committed clear error. Constellium's motion is simply an attempt to relitigate the preliminary injunction motion, which is not the purpose of Rule 59(e) motion. *See Pacific Ins. Co.*, 148 F.3d at 403 (stating that Rule 59(e) motions are not a vehicle to relitigate old matters); *Crosswhite v. E.I. Dupont de Nemours & Co.*, No. 89–2915, 1990 WL 15686, at *1 (4th Cir. Feb. 12, 1990) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977))); *see also, e.g.*, Mawing v. PNGI Charles Town Gaming, LLC, No. 3:09-cv-68, 2010 WL 11520680, *2 (N.D. W. Va. Aug. 18, 2010) ("Therefore, insofar as CTRS asks this Court to reconsider its decision of arbitrability, its request constitutes an attempt to relitigate an issue already decided by this Court . . . Thus, CTRS' argument regarding arbitrability is inappropriate at this procedural posture."). Accordingly, the Court declines to alter or amend its previous Memorandum Opinion and Order.

  B. *Motion to Increase Injunction Bond*

As stated above, Constellium moves, in the alternative, for the Court to raise the injunction bond. On December 7, 2018, Constellium submitted a supplemental statement in response to the Court's invitation to the Parties to further develop the record on the proper bond amount detailing Constellium's expenses as a result of the injunction. (*See* ECF No. 18.) Constellium further reiterates these same expenses in the present motion in support of its contention that the injunction bond should be increased due to new evidence. (*See* ECF No. 24 at 9.)

The Court reviewed this evidence while considering Constellium's previous request to alter the bond. However, the present motion was filed before the Court was able to issue a ruling on

7

that request. Having reviewed the supplemental materials, the Court does not find cause to modify the injunction bond. *See Marietta Mem'l Hosp. v. W. VA. Health Care Auth.*, No. 2:16-cv-08603, 2016 WL 7363052, at *10 n.6 (S.D. W. Va. Dec. 19, 2016) ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement." (quoting *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2003))). Accordingly, the $10,000 injunction bond will remain in place.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Constellium's Motion to Alter or Amend the Judgment Granting an Injunction. (ECF No. 23.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 20, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE